(Reap. Dec. 10562)

SACKETT-DETRICK SALES, INC. *v.* UNITED STATES

Entry No. 25966, etc.

(Decided July 8, 1963)

*Lawrence & Tuttle* (*Edward N. Glad* of counsel) for the plaintiff.

*John W. Douglas*, Assistant Attorney General (*Andrew P. Vance*, trial attorney), for the defendant.

WILSON, Judge: These appeals for reappraisement have been submitted for decision upon the following stipulation of counsel for the respective parties herein:

MR. GLAD: If it please the Court, I offer to stipulate that the merchandise involved in these six appeals are described on the invoices as metal non-mechani-

cal toys, shipped from Lines Bros. Ltd., from England, during the latter half of 1959;

And, further, that these items do not appear on the final list with regard to the new valuation act, which is part of the Customs Simplification Act of 1956.

I further offer to stipulate that the basis of appraisement is export value as defined under Section 402(b) as thusly limited, and that the proper export value is the appraised value used by the Appraiser to appraise, less 2½% which represents a cash discount.

MR. VANCE: This matter has been discussed with Assistant Appraiser Feran, and Examiner Piatt, and with their concurrence the Government so stipulates.

MR. GLAD: Plaintiff rests.

MR. VANCE: Government rests.

MR. GLAD: Plaintiff submits.

On the agreed facts, I find and hold export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, T.D. 54165, to be the proper basis for the determination of the value of the merchandise here in question, and that such value is the appraised value, less 2½ per centum discount, in each case.

Judgment will issue accordingly.